

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brown" (2007). *2007 Decisions.* Paper 1303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

05-2505

———————

UNITED STATES OF AMERICA

v.

JIMMY BROWN,

Appellant

———————

On Appeal from the Judgment of the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00619-02)
District Court: Hon. Legrome D. Davis

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2007

Before:  McKEE, AMBRO and FISHER, <u>Circuit Judges</u>

(Opinion filed:   April 16, 2007)

———————

**OPINION**

———————

McKEE, <u>Circuit Judge</u>

　　Jimmy Brown appeals his conviction for armed carjacking, and conspiracy to

commit armed carjacking as well as the sentence that was imposed for those convictions.

For the reasons that follow, we will affirm.

## I.

Inasmuch as we write primarily for the parties who are familiar with the factual and procedural background of this appeal, we need not set forth the facts except insofar as is helpful to our brief discussion.[1]

Brown argues that there was insufficient evidence "to prove anything more than a conspiracy to steal two cars." Appellant's Br.at 13. He claims that the evidence did not establish a conspiracy to commit *armed* carjacking. The argument approaches frivolity.

Brown's own recitation of the testimony of Fernando Sanchez belies much of Brown's argument. Sanchez testified that he, Chad Johnson and Jimmy Brown followed the tow trucks in an effort to steal the two cars that were being towed. They thought that the cars were being towed by a drug dealer who was trying to recover a large amount of cash that they believed he had been hidden in the cars.

Sanchez testified that they followed the tow trucks and "agreed to try to overtake [them] at a red light and cut them off to block the path so that the tow trucks could not proceed." *Id*. Sanchez explained that they "agreed" that "[he]" and codefendant Johnson would exit the van, approach the two tow truck drivers and direct them to unhitch the two Mercedes which they believed had large amounts of U.S. currency hidden within." *Id*.

---

[1] At the outset we only note that, but for the potentially tragic consequences, the actions of Johnson and his coconspirators could pass for a modern day parody of inept cattle rustlers or a foiled stage coach robbery.

Brown's claim that the evidence does not establish a conspiracy to commit armed carjacking is based on Sanchez's testimony that he never showed the gun he was hiding under his shirt to Johnson or Brown and that they did not know that he was armed. *Id*. The jury did not accept that argument, and neither do we.

Moreover, the government introduced evidence that Brown was also armed during this entire episode. Not surprisingly given these circumstances, a gunfight broke out once the plan began to go awry, and Brown fired several shots in an effort to seize the cars they were after.

We review the sufficiency of the evidence "in the light most favorable to the government as verdict winner." *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir. 1999). "We must affirm the convictions if a rational trier of fact could have found defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995). We may overturn a conviction "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Anderson*, 108 F.3d 478, 481 (3d. Cir 1997).

In order for the government to prove armed carjacking under 18 U.S.C. § 2119, the evidence must establish an "intent to cause death or serious bodily harm" in the course of taking or attempting to take "a motor vehicle . . . from the person or presence of another by force and violence or by intimidation." 28 U.S.C. § 2119 (2000). The Supreme Court has explained that this intent need not be unconditional. Rather, the elements are satisfied

3

by proof of an intent to use the required force if necessary to overcome resistance and accomplish the taking. *Holloway v. United States*, 526 U.S. 1, 12 (1999); *see also*, *Anderson*, 108 F.3d at 485.

Accordingly, we must affirm this conviction for armed carjacking and conspiracy if the evidence established a conspiratorial agreement to use force either conditionally or unconditionally.

Viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to support the jury's conclusion that Brown at least intended to inflict serious injury if that became necessary to get the two cars. Indeed, it would have been difficult for the jury to conclude that he would have been willing to pursue the tow trucks, cut them off, and try to seize the cars unless he or a conspirator intended to inflict serious injury should that become necessary. Sanchez, Brown and Johnson surely had to believe that the supposed owner of the cars would use violence to protect the proceeds of his drug sales as well as the reputation he would lose if he allowed drug proceeds and cars to be stolen from him. As noted, Brown came armed with a gun which he fired several times during the course of the attempted carjacking.

We also have little difficulty concluding that the record contains sufficient evidence to support the jury's conclusion that Brown conspired with Sanchez and/or Johnson to inflict serious injury to get the cars if necessary, and to take them by force. Proof of a conspiracy does not require direct evidence of an agreement; rather, agreement may be inferred from the circumstances so long as "the inferences drawn . . . have a

4

logical and convincing connection to the facts established." *United States v. Casper*, 956 F.2d 416, 422 (3d Cir. 1992).

Brown's claim that the evidence only established an intent to steal two cars rather than an agreement to commit an armed carjacking is totally meritless.

## II.

Brown's challenge to his sentence rests upon his claim that the District Court erred in imposing an enhancement based upon facts that were neither charged in the indictment nor proven beyond a reasonable doubt. Appellant's Br. at 17-8. We need not respond to that argument because it is now foreclosed by our recent decision in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (*en banc*).

## III.

For the reasons set forth above, we will affirm the conviction and the judgment of sentence.